## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MIRIAN ALFONSO PEREZ,

       Petitioner,

v.   No. 2:26-cv-01709-DHU-GBW

MARKWAYNE MULLIN, Secretary, U.S. Department
of Homeland Security (DHS); TODD M. LYONS, Acting
Director, U.S. Immigration and Customs Enforcement (ICE);
DEREK GORDON, Acting Executive Associate Director,
Homeland Security Investigations (HSI), U.S. Immigration and
Customs Enforcement (ICE); MARCOS CHARLES, Acting
Executive Associate Director, Enforcement and Removal
Operations (ERO), U.S. Immigration and Customs Enforcement
(ICE); DAREN K. MARGLON, Director, Executive Office for
Immigration Review; and WARDEN, Warden of the Otero County
Processing Center,

       Respondents.

## <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

THIS MATTER is before the Court on Petitioner Mirian Alfonso Perez's Petition for Writ

of Habeas Corpus ("Petition"), where she argues that her detention without a bond hearing violates

the Immigration and Nationality Act ("INA") and the Due Process Clause. Doc. 1 ¶¶ 70-102.[1] She

requests a Writ of Habeas Corpus ordering Respondents to provide her with an immediate bond

hearing or, alternatively, ordering Respondents to release her. *Id.* ¶ 5. Petitioner also requests

attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). *Id.* ¶ 107.

---

[1] Petitioner also argues that she is a class member entitled to a bond hearing pursuant to the final judgment entered in the class action suit, *Maldonado Bautista v. Noem*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). *Id.* ¶¶ 65-69. However, because the Court grants Petitioner's Habeas Petition on her INA and Due Process claims, the Court "decline[s] to address th[is] remaining claim[] of error." *Scott v. Mullin*, 303 F.3d 1222, 1232 (10th Cir. 2002).

In *Santillan Quiroz v. Mullin*, the Tenth Circuit Court of Appeals held that "noncitizens who enter[] the United States and [a]re thereafter detained in the interior of the country" are subject to 8 U.S.C. § 1226(a) and, therefore, entitled to an individualized bond hearing. ___F.4th___, 2026 WL 1876709, at *5 (10th Cir. June 30, 2026). The Court finds that *Santillan Quiroz* controls here, where Petitioner entered the United States without inspection in 2022 and was subsequently detained by Immigration and Customs Enforcement ("ICE") on May 20, 2026, in Texas. Doc. 1 ¶¶ 59-61. Petitioner is, therefore, subject to § 1226(a) and entitled to a bond hearing. Moreover, Respondents' resultant denial of a bond hearing deprived Petitioner of her due process rights. To ensure that Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893 (1976), favor shifting the burden of proof to the Government in any future bond hearing. *See Requejo Roman v. Castro*, 826 F.Supp.3d 1267, 1284 (D.N.M. 2026).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner with an individualized bond hearing before a neutral IJ within **seven (7) days** of entry of this Order. If Petitioner does not receive such a hearing on or before Friday, July 17, 2026, she shall be immediately released.

At the bond hearing, the assigned IJ is hereby ordered to first turn to the Government, who shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community to justify continued detention. If the IJ determines that the Government has met its burden, the IJ may then turn to Petitioner for his arguments. The assigned IJ is also hereby ordered not to consider, deny bond, or otherwise rely on *Matter of Yajure Hurtado*,

29 I&N Dec. 216 (BIA 2025). The entire bond hearing must also be recorded to aid the Court in reviewing any post-bond hearing motions.

**IT IS FURTHER ORDERED** that Respondents submit a status report to the Court no later than Monday, July 20, 2026, confirming whether a bond hearing was held and the result of said hearing.

**IT IS FURTHER ORDERED** that Petitioner may submit an application for fees and costs pursuant to the EAJA within thirty (30) days of this Order. Respondents may respond to Petitioner's application no later than fourteen (14) days after the application is filed with the Court.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

3